UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-civ-61644-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MJ CAPITAL FUNDING, LLC, MJ TAXES
AND MORE, INC., and JOHANNA M. GARCIA,
    Defendants.
_____/

## MOTION TO QUASH SUBPOENA(S) TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS INFORMATION OR OBJECTS OR TO PERMIT INSPECTION

Non-party respondent, PAVEL RUIZ, hereby moves this Court pursuant to Federal Rule of Civil Procedure 45(d)(3) to enter an Order quashing the subpoena to testify at deposition and the subpoena to produce to protect Ruiz from having to appear for deposition and/or turn over the lengthy list of documents and/or disclose the information sought. In support of this request, Ruiz states the following:

1.      Ruiz was issued two subpoenas. One subpoena requires Ruiz to produce by Monday, October 11, 2021, at 5:00 p.m. a long list of documents, communications and/or information, including information stored in any electronic device. *See* Exhibit A - Subpoena to Produce (hereafter "Production Subpoena"). The other is a subpoena to appear for deposition on Friday, October 15, 2021, at 10:00 a.m. *See* Exhibit B - - Subpoena to Testify at Deposition (hereafter "Deposition Subpoena"). Both subpoenas were issued by Carl Schoeppl and Terry Gray, attorneys for Johanna Garcia.

CASE NO. 21-civ-61644-SINGHAL

2.      A review of the docket for this matter reveals 3 details that make it abundantly clear that Ruiz cannot and should not be compelled to testify and/or produce anything. First, the SEC filed a Complaint against Ms. Garcia and her corporate entities alleging that she is the mastermind of a multi-million dollar Ponzi scheme.  DE #1.  Second, Ms. Garcia revealed in her Answer that a parallel criminal investigation into this conduct is taking place and, as a result, she has to invoke *her* Fifth Amendment privilege against self-incrimination.[1] DE #44. Third, on October 5, 2021, the Receiver sought to expand its receivership to include assets allegedly controlled by Ruiz. The motion details Ruiz's alleged involvement in and connection to the Defendants. The first line of Paragraph 24 provides the very reason why Ruiz can and must invoke his Fifth Amendment privilege against self-incrimination in response to these subpoenas. It reads:

> Mr. Ruiz used the Pavel Companies as an instrumentality of the fraud and to perpetuate the Ponzi scheme.

DE #67. It is only a matter of time before that parallel criminal investigation described becomes a criminal Indictment.

3.      The Fifth Amendment privilege is not confined to the criminal arena.  A party may invoke the privilege during a deposition in a civil proceeding where he has a reasonable belief that the answers to direct questions would provide a link in the chain of evidence necessary to prove a crime against him. *Pillsbury Co. v. Conboy*, 459 U.S. 248, 270 (1983) (Holding deponent cannot be compelled to repeat previously immunized

CASE NO. 21-civ-61644-SINGHAL

testimony because he "would face a realistic risk that his testimony would lead to further incriminating evidence that he would be unable to exclude at a subsequent criminal prosecution"). Based on the allegations made by the SEC, the Receiver, and Ms. Garcia's own acknowledgment that there is a concurrent criminal investigation into the SEC's fraud allegations, Ruiz has validly invoked his privilege against self-incrimination. Without detailing all the reasons why, *any* response to questions relating to individuals and/or businesses that were allegedly involved in fraud certainly pose a danger to the person answering the question.

4.     Moreover, in light of the fraud allegations, the production of the items requested in the Production Subpoena is also protected by the Fifth Amendment. *Fisher v. United States*, 425 U.S. 391, 410 (1976)("The act of producing evidence in response to a subpoena nevertheless has communicative aspects of its own, wholly aside from the contents of the papers produced. Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the [individual]"). While the production of documents is not spoken, it is testimonial nonetheless. In addition to items related to entities Ms. Garcia controls and, therefore, likely already possesses, she wishes for Ruiz to provide records relating to businesses named by the Receiver as allegedly being used by Ruiz to participate in Ms. Garcia's fraud scheme. The very act of producing records of this nature demonstrates access, control and the suggestion that the documents are authentic. Such acts are also protected by the Fifth Amendment.

5.     Undersigned counsel discussed the contents of this motion with attorney Terry Gray Esq. and he indicated opposition.

CASE NO. 21-civ-61644-SINGHAL

WHEREFORE, Ruiz respectfully requests this Court quash the two subpoenas issued by Ms. Garcia's counsel.

Respectfully submitted,

*/s/ Michael Mirer*

**MICHAEL MIRER, ESQ.**
100 N. Biscayne Blvd.
Suite 1300
Miami, Florida 33130
Telephone:    (305) 536-6177
Facsimile:    (305) 536-6179
E-mail:          michael@mirerlaw.com
Florida Bar No. 119490

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically and served on all counsel of record using the cm/ecf filing system this 8th day October, 2021.

*/s/ Michael Mirer*

**MICHAEL MIRER, ESQ.**

4

Law Office of
## Michael Mirer, P.A.
100 Biscayne Boulevard, Suite 1300
Miami, FL 33132
Telephone (305) 536-6177
Facsimile (305) 536-6179
Email: Michael@Mirerlaw.com

Michael Mirer

# Exhibit "A"

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

|   |   |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| MJ CAPITAL FUNDING, LLC ,MJ TAXES AND | ) |
| MORE, INC.,and JOHANNA M.GARCIA | ) |
| *Defendant* | ) |

Civil Action No.  21-61644-CIV-SINGHAL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Pavel "Pavy" Ruiz a/k/a Pavel "Pavy" Hernandez
             1700 SW 78th Ave., Unit 610, Plantation, FL. 33324

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

          See "Exhibit A" attached hereto and incorporated herein by reference

| Place: Schoeppl Law, PA | Date and Time: |
|---|---|
| 4651 North Federal Highway | |
| Boca Raton, Florida 33431-5133 | 10/11/2021 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/24/2021

|   |   |   |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | s/ Terry A. C. Gray, Esq. |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Johanna M. Garcia
_____ , who issues or requests this subpoena, are:
Carl F. Schoeppl, Esq., Terry Gray, Esq., Schoeppl Law, P.A., 4651 North Federal Highway, Boca Raton, Florida
33431-5133, carl@schoepplaw.com; tgray@schoeppllaw.com, (561) 394-8301

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 21-61644-CIV-SINGHAL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO SUBPOENA DUCES TECUM – DOCUMENTS TO BE PRODUCED

### I.   DEFINITIONS

1.   The term "document" is defined to be synonymous with, and equal in scope to, the usage of this term in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and is broadly defined to include all forms of recorded or electronically stored information, including, but not limited to, writings, drawings, graphs, charts, photographs, video recordings, sound recordings, images, other data compilations, notes, memos, emails, text messages, WhatsApp messages, Facebook, Instagram, and other social media messages, and any attachments thereto. If any of the requested "documents" includes information retained on a computer or other electronic device, you are requested to produce the information, translated if necessary, in usable and searchable form. A draft or non-identical copy is a separate document within the meaning of this term.

2.   The phrase "any and all documents" means each document or group of documents or communication as defined above in Paragraph 1 known to you and every such document or communication which can be located or discovered by reasonably diligent efforts.

3.   "Communication(s)" means any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending or receipt of information of any kind by or through any means including personal delivery, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or Electronically Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind. The term "Communication(s)" also includes all inquiries, discussions, conversations, correspondence, negotiations, agreements, presentations, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity, or trade releases. Further, "Communication(s)" includes

notes, memos, emails, text messages, WhatsApp messages, Facebook, Instagram, and other social media messages, and any attachments thereto.

4.     The term "person" is defined as any natural person, or any business, legal or governmental entity or association.

5.     The term "you," "yourself," or "your" means the person or entity to which these requests are directed, including, without limitation, that person's or entity's employees, agents, consultants, accountants and lawyers, and all other persons who are acting or who have acted on behalf of, the person or entity, or who are or have been subject to that person's or entity's direction or control.

6.     "Electronically Stored Information" or "ESI" means Documents and other data or data compilations stored in any electronic medium from which information can be obtained and which is translated, if necessary, by the person to whom this Request for Production is directed, into reasonably usable form.

7.     "MCA Purchaser" means any Person or entity who transferred funds to one of the Receivership Defendants, You (directly or indirectly through another Person), or a Related Company for use in a Merchant Cash Advance transaction.

8.     "Merchant Cash Advance" or "MCA" means a transaction by which funds are provided to a Person in exchange for the sale, pledge or assignment of the Person's future receivables, sales or other assets, or other agreement to make future payments or permit future withdrawals of the Person's funds.

9.     "MCA Borrower" means any Person or entity who received funds pursuant to a Merchant Cash Advance transaction.

10.     "Receivership Defendants" means MJ Capital Funding, LLC and MJ Taxes and

More, Inc., f/k/a MJ Tax Services and More, Inc.

11.     The term "Sales Agents" refers all Persons or entities who received compensation from any source for the identification and / or enlistment of MCA Purchasers or MCA Borrowers. Sales Agents is defined to include, but is not limited to:

(1)     All members, employees, independent contractors of MJ Lounge LLC

(2)     All members, employees, independent contractors of Pavel Ruiz MJCF LLC

(3)     Karina Nicole Fernandez, Esq.

(4)     Jose C. Mendez

(5)     Joel Castellanos

(6)     Bryant Guyara

(7)     Christian Cuesta

(8)     Marco A. Rosas Scamarone

(9)     Pierce Drexler

(10)    Alexander Roig

(11)    Daniela Roig

(12)    Leonardo Azevedo

(13)    Shanaz Ali

(14)    Erick Ruiz

(15)    Steven Fernandez

(16)    Monica O'Mealia

(17)    Gloria M. Galvez

(18)    Mauricio A. Guayara

(19)    Shaaz Ali

(20)   Raed Kahn

(21)   Marco Rosas

(22)   Mauricio Rosas

(23)   Leonela Duarte

(24)   Harry Medina

(25)   Osmary Soto

(26)   Fabricio Guzman

(27)   Arthur Borba

(28)   Karina Bidot

(29)   Jose C. Mendez

(30)   Francisco Landino

12.   The term "Ruiz Related Entity" is defined to mean any entity for which You are or were a manager, member, officer, director, registered agent and/or direct or indirect owner or otherwise control, including but not limited to:

(1)   The Big Leagues, LLC

(2)   Pavel Ruiz MJCF LLC

(3)   MJ Lounge LLC

(3)   XP Wholesale, LLC

(4)   Smith & Pavel Transportation LLC

(5)   UDM Remodeling, LLC

(6)   UDM Merch on the Go LLC

(7)   MJ Elite Transport LLC

(8)   MJ Lounge, LLC

   (9)  Pavel Ruiz MJCF LLC

   (10)  The Wash & Fold Team, Inc.

   (11)  K.P. Jewelers Inc.

   (12)  T.A.P. TOWING L.L.C.

13.  The term "reflect" means concern, relate to, refers to, describes, evidences or constitutes, or embodies.

14.  The terms "all" and "each" shall be construed as all and each.

15.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16.  The use of the singular form of any word includes the plural and vice versa.

17.  Unless otherwise indicated, the Relevant Time Period covered by this Subpoena *Duces Tecum* is from January 1, 2016 to the present.

## II. INSTRUCTIONS

1.  For each of the requests listed below, state in your response that an inspection and related activities will be permitted as requested unless the request is objected to, in which event you must state the reasons for your objection. **These Requests seek the actual production of responsive documents within thirty (30) days and it is not sufficient to state that documents will be produced at a later date.**

2.  When producing the requested documents, produce them as they are kept in the usual course of business or, alternatively, identify them as responsive to a particular request.

3.  Where a claim of privilege is asserted in objecting to any request, identify the nature of the privilege which is being claimed and the privilege rule being invoked, and for each document

withheld provide the following information: (a) the type of document; (b) the date of the document; (c) the author(s), addressee(s), and recipient(s) of the document, and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to one another; (d) the number of pages; (e) the identity of any enclosure(s) or attachment(s); and (f) the subject matter of the document.

4.      In the event that any requested document has been destroyed or discarded, identify that document by stating: (a) any addresser and addressee; (b) any indicated or blind copy recipients; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed; (e) its date of destruction or discard and reason for destruction or discard; and (f) the persons authorizing and carrying out such destruction or discard.

5.      If any information or data is withheld because such information or data is stored only electronically, it is to be identified by the subject matter of the information or data, the storage mode, and the place or places where such information is maintained.

## III.  DOCUMENT REQUESTS

1.      Any and all Communications or Documents that refers to or reflects monies or other assets transferred by any MCA Purchaser, directly or indirectly through another Person, to You or any Ruiz Related Entity, including but not limited to spreadsheets, bank statements, and Zelle, PayPal, Venmo, CashApp, Apple Pay or similar account records.

2.      Any and all Communications or Documents that refers to or reflects monies or other assets transferred by any MCA Borrower, directly or indirectly through another Person, to You or any Ruiz Related Entity, including but not limited to spreadsheets, bank statements, and Zelle, PayPal, Venmo, CashApp, Apple Pay or similar account records.

3.      Any and all Communications or Documents that refers to or reflects monies or other assets transferred by You or any Ruiz Related Entity to any Sales Agents, including but not limited

to spreadsheets, bank statements, and Zelle, PayPal, Venmo, CashApp, Apple Pay or similar account records.

4.      Any and all Communications or Documents that refers to or reflects automobiles, jewelry, real estate, or other assets transferred by You or any Ruiz Related Entity to any Sales Agents, including but not limited to spreadsheets, bank statements, and Zelle, PayPal, Venmo, CashApp, Apple Pay or similar account records.

5.      Any and all Communications or Documents that tracked monies or assets owed or paid by any MCA Borrower, directly or indirectly through another Person, to any of the Receivership Defendants, including but not limited to spreadsheets, bank statements, and Zelle, PayPal, Venmo, CashApp, Apple Pay or similar account records.

6.      Any and all Communications or Documents that tracked monies or assets owed or paid by any MCA Purchaser, directly or indirectly through another Person, to any of the Receivership Defendants, including but not limited to spreadsheets, bank statements, and Zelle, PayPal, Venmo, CashApp, Apple Pay or similar account records.

7.      Any and all contracts and documents or communications that refers to or reflect contracts with MCA Borrowers or with MCA Purchasers, including but not limited to intake documents, MCA Purchaser agreements, MCA Borrower agreements, W-9 Forms, non-compete agreements, non-disclosure agreements, and Codes of Conduct.

8.      Any and all documents sufficient to identify the names and last known addresses of all Sales Agents.

9.      Any and all documents sufficient to identify the names and last known addresses of all current and former Members, Officers, Directors, employees, or independent contractors of each Ruiz Related Entity.

10.     Any and all lease or rental agreements for any office space, real property, vehicle, or other assets held in the name of any Ruiz Related Entity that conducted business on behalf of the Receivership Defendants or that received any monies from Johanna Garcia or the Receivership Defendants.

11.     Any and all Communications or Documents that refers to or reflects communications You have had with any person or entity, other than your legal counsel, regarding the above captioned action by the S.E.C.

12.     Any and all Communications or Documents that refers to or reflects monies or other assets transferred by any Receivership Defendant or Johanna Garcia, directly or indirectly through another Person, to You or any Related Company, including but not limited to bank statements and PayPal, Venmo, CashApp, Apple Pay or similar account records.

13.     Any and all Communications or Documents that refers to or reflects Air Bed and Breakfast ("Air B&B") rentals you made on behalf of, or in connection with, any services You performed for Johanna Garcia or the Receivership Defendants.

14.     Any and all Communications or Documents that refers to or reflects the calculation or amount of compensation you were to receive, or received, from Johanna M. Garcia or the Receivership Defendants, including the $4.5 Million you received through Zelle Payments.

15.     Any and all social media postings, e.g., Facebook, Instagram, Twitter, Snapchat, Tik Tok, and the like, that You made that refers to Johanna M. Garcia or the Receivership Defendants, or MCAs.

Law Office of
# Michael Mirer, P.A.
100 Biscayne Boulevard, Suite 1300
Miami, FL 33132
Telephone (305) 536-6177
Facsimile (305) 536-6179
Email: Michael@Mirerlaw.com

Michael Mirer

# Exhibit "B"

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

09/28/21

MTHAEMO

12:30P

# UNITED STATES DISTRICT COURT

### for the

Southern District of Florida

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) |
| *Plaintiff* | ) |
| v. | ) |
| MJ CAPITAL FUNDING, LLC ,MJ TAXES AND MORE, INC.,and JOHANNA M.GARCIA | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   21-61644-CIV-SINGHAL

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:         Pavel "Pavy" Ruiz a/k/a Pavel "Pavy" Hernandez
            1700 SW 78th Ave., Unit 610, Plantation, FL. 33324

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Schoeppl Law, PA<br>4651 North Federal Highway<br>Boca Raton, Florida 33431-5133 -Via Attached Zoom Link | Date and Time:<br><br>10/15/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:   Videotaped and stenographic means

❑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/24/2021

*CLERK OF COURT*

                                        OR

_____           s/ Terry A. C. Gray, Esq.
*Signature of Clerk or Deputy Clerk*         _____
                                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Johanna M. Garcia
_____, who issues or requests this subpoena, are:
Carl F. Schoeppl, Esq., Terry Gray, Esq., Schoeppl Law, P.A., 4651 North Federal Highway, Boca Raton, Florida 33431-5133, carl@schoeppllaw.com; tgray@schoeppllaw.com, (561) 394-8301

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21-61644-CIV-SINGHAL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ZOOM LINK

**Topic: SLPA Virtual Deposition of Pavel Ruiz**
**Time: Oct 15, 2021 10:00 AM Eastern Time (US and Canada)**

**Join Zoom Meeting**
https://us02web.zoom.us/j/87809680392?pwd=cURIM3NHNVJISFZPdi93K2VvRIF2dz09

**Meeting ID: 878 0968 0392**
**Passcode: 636521**
**One tap mobile**
**+13017158592,,87809680392#,,,,*636521# US (Washington DC)**
**+13126266799,,87809680392#,,,,*636521# US (Chicago)**

**Dial by your location**
        **+1 301 715 8592 US (Washington DC)**
        **+1 312 626 6799 US (Chicago)**
        **+1 646 558 8656 US (New York)**
        **+1 253 215 8782 US (Tacoma)**
        **+1 346 248 7799 US (Houston)**
        **+1 669 900 9128 US (San Jose)**
**Meeting ID: 878 0968 0392**
**Passcode: 636521**
**Find your local number: https://us02web.zoom.us/u/kAfyMji6g**