UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-61644-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

MJ CAPITAL FUNDING, LLC,
MJ TAXES AND MORE, INC., and
JOHANNA M. GARCIA,

                Defendants,

_____/

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION AND SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION**

Pursuant to Fed. R. Civ. P. 45 and S.D. Fla. L.R. 7.1, Defendant Johanna M. Garcia ("Garcia"), by and through her undersigned counsel, submits this Memorandum of Law in Opposition to Non-Party Pavel Ruiz's ("Ruiz") *Motion to Quash Subpoena(s) to Testify at a Deposition and Subpoena to Produce Documents Information or Objects or to Permit Inspection* (the "Motion to Quash") [ECF No. 72], and, in support hereof, states as follows:

    **I.    SUMMARY AND BACKGROUND OF MOTION**

On August 9, 2021, the Securities and Exchange Commission (the "SEC") filed a *Complaint for Injunctive and Other Relief and Demand for Jury Trial* [ECF No. 1] commencing this action against the Receivership Defendants and Garcia. The SEC alleges, *inter alia,* that Garcia used the Receivership Defendants to run a Ponzi scheme that tricked investors into thinking the money they invested would be used to fund small business loans called Merchant Cash Advances ("MCAs") and

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM
IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

that they would receive an annual return of between 120% - 180%. *See* ECF 1 ¶¶ 1-3. The SEC further alleges that representations that investor money would be used to fund MCAs were lies, and in reality the Investor "returns" were funded with money obtained from new Investors. *See id*. at ¶¶ 5, 33.

On September 8, 2021, Garcia filed a Certificate of Interested Parties that identified Ruiz as a Sales Agent of Defendant MJ Capital Funding, LLC, a Member of MJ Lounge LLC, and a borrower of MJ Capital Funding, LLC. *See* ECF No. 52. Ruiz is a material witness and is in possession of documents and information directly relevant to Defendant Garcia's Affirmative Defenses and Avoidances and she is along with various entities controlled by or affiliated with Ruiz. *See* ECF No. 52.

On September 24, 2021, Garcia served a Notice of Intent to Serve Non-Party Subpoenas on Ruiz, including a Subpoena to Testify at a Deposition on October 15, 2021, and a Subpoena *Duces Tecum* with a deadline of October 11, 2021 (collectively, "the Garcia Subpoenas").

Ruiz was served with the Garcia Subpoenas on September 28, 2021.

On October 8, 2021, just three (3) days before he was to produce documents and less than a week before his scheduled deposition, Ruiz filed the Motion to Quash [ECF No. 72] invoking his Fifth Amendment rights in response to both of the Garcia Subpoenas. Ruiz's Motion to Quash is not well founded and should be denied.

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM**
**IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

## II.    ARGUMENT

### A.    Ruiz Cannot Avoid Complying with the Garcia Subpoenas By Asserting a Blanket Invocation of the Fifth Amendment.

Ruiz cannot avoid his obligations to appear for testimony and produce doucments pursuant to duly issued subpoenas by invoking an overly broad, blanket invocation of the Fifth Amendment Privilege against self-incrimination. *See Hoffman v. United States,* 341 U.S. 479, 486 (1951) ("The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified...."); *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969), *reh'g denied and opinion modified*, (5th Cir. Apr. 20, 1970) ("even if the danger of self-incrimination is great... [the] remedy is not to voice a blanket refusal to produce his records or to testify. Instead, he must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense."); *Sallah v. Worldwide Clearing LLC*, 855 F. Supp. 2d 1364, 1370–71 (S.D. Fla. 2012) ("It is well established that a person may not make a blanket objection to testifying or producing records, based on her Fifth Amendment privilege, but instead, must invoke the privilege question by question or request by request.").

Ruiz contends that the Garcia Subpoenas should be quashed pursuant to Rule 45(d)(3), ostensibly because the Subpoenas require "disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(iii). However, the Eleventh Circuit has recognized that not every question posed at Ruiz's deposition or every document requested from him will implicate Fifth Amendment

3

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM
IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

concerns, and a blanket invocation of the privilege, as Ruiz has asserted, is defective. *See Anglada v. Sprague*, 822 F.2d 1035, 1037 (11th Cir. 1987) (rejecting a blanket invocation of the Fifth Amendment privilege).

Ruiz's attempt to avoid testifying at deposition or producing responsive documents by generally invoking his Fifth Amendment rights in a Motion to Quash is improper and ineffective. He must do so specifically, question-by-question and request-by-request.

**B.    Ruiz Cannot Avoid Producing Documents By Generally Asserting that Such Production Is "Testimonial" and Implicates His Fifth Amendment Rights**

Ruiz has not shown a proper basis for invoking the Fifth Amendment as to the Production Subpoena. Instead, he claims, as to *every* category of request, that "[t]he very act of production records of this nature demonstrates access, control and the suggestion that the documents are authentic. Such acts are also protection by the Fifth Amendment." [ECF No. 72, at ¶4]. Again, a general invocation of Fifth Amendment rights – with no specificity as to how complying with a particular request is "testimonial" – is improper.

The Eleventh Circuit has concluded that "[t]he touchstone of whether an act of production is testimonial is whether ... [the subpoena] compels the individual to use 'the contents of his own mind' to explicitly or implicitly communicate some statement of fact." *In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1345 (11th Cir. 2012)(quoting *Curcio v. United States*, 354 U.S. 118, 128, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957)). Just as with a deposition, not every document request implicates potential criminal prosecution.

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM
IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

Ruiz has failed to properly invoke the Fifth Amendment privilege under the Act of Production Doctrine as to the *duces tecum* portion of the Subpoena. Instead, he makes a blanket claim in blunderbuss fashion as to every category of request, that "[t]he very act of producing records of this nature demonstrates access, control and the suggestion that the documents are authentic. Such acts are also protected by the Fifth Amendment." (ECF 72 at ¶ 4).

Blanket invocation of the Fifth Amendment privilege to avoid producing documents has been soundly rejected. *See, e.g.*, *Scarfia v. Holiday Bank*, 129 B.R. 671, 674 (M.D. Fla. 1990)(respondent "may not cloak himself with the Fifth Amendment's protection against self-incrimination simply by a blanket assertion that his answers to interrogatories, requests for admissions and requests for production of documents will tend to incriminate him.")

It is beyond cavil that the party seeking to invoke a privilege has the burden of establishing all of its essential elements. *Adelman v. BSA*, 276 F.R.D. 681, 689–90 (S.D. Fla. 2011). Ruiz has failed to do so and his Motion to Quash should be denied.

### III.   CONCLUSION

For the foregoing reasons, Defendant Garcia respectfully requests that the Court deny Pavel Ruiz's Motion to Quash and grant Garcia such other and further relief as this Court deems appropriate.

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

Date: October 11, 2021
Boca Raton, Florida

Respectfully submitted,

By: **/s/ Carl F .Schoeppl**
Carl F. Schoeppl, Esquire
Florida Bar No. 818518
Terry A.C. Gray, Esquire
Florida Bar No. 100732
Kyle G. DeValerio, Esquire
Florida Bar No. 18565
**SCHOEPPL LAW, P.A.**
4651 North Federal Highway
Boca Raton, Florida 33431-5133
Telephone: (561) 394-8301
Facsimile: (561) 394-3121
Email: carl@schoeppllaw.com
Email: tgray@schoeppllaw.com
Email: kyle@schoeppllaw.com
*Co-Counsel for Defendant*
*Johanna M. Garcia*

And

David M. Garvin, Esq.
Florida Bar No. 347736
**LAW OFFICES OF DAVID M. GARVIN, P.A.**

P. O. Box 144320
Coral Gables, Florida 33114
Telephone: (305) 371-8101 (Main)
Telephone: (305) 322-8600 (Mobile)
Facsimile: (305)371-8848
Email: ontrial2@gmail.com

*Co-Counsel for Defendant*
*Johanna M. Garcia*

6

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM**
**IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 11, 2021, I electronically filed the foregoing **DEFENDANT JOHANNA M. GARCIA'S MEMORADNUM IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION AND SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION AND OBJECTS OR TO PERMIT INSPECTION** with the Clerk of the Court by using the CM/ECF system, which will generate a Notice of Electronic filing to the following CM/ECF participants:

DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM
IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

| Party | Method of Service | Name, Address, Telephone, and Email of Party's Counsel |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, *Plaintiff* | CM/ECF | Andrew O. Schiff, Esq. <br> Regional Trial Counsel <br> Stephanie N. Moot, Esq. <br> Senior Trial Counsel <br> Raynette R. Nicoleau <br> Senior Counsel <br> Securities and Exchange Commission <br> 801 Brickell Avenue, Suite 1800 <br> Miami, Florida 33131 <br> Telephone: (305) 982-6300 <br> Facsimile: (305) 536-4154 <br> Direct Dial: (305) 982-6390 <br> Direct Dial: (305) 982-6313 <br> Direct Dial: (305) 982-6308 <br> Email: schiffa@sec.gov <br> Email: moots@sec.gov <br> Email: nicoleaur@sec.gov |
| **MJ CAPITAL FUNDING, LLC, MJ TAXES AND MORE, INC.**, *Defendants in Receivership* <br> *c/o Receiver, Corali Lopez-Castro* | CM/ECF | Benjamin J. Widlanski, Esq. <br> Kozyak Tropin Throckmorton, LLP <br> 2525 Ponce de Leon Boulevard, 9th Floor <br> Coral Gables, Florida 33134 <br> Telephone: (305) 372-1800 <br> Email: bwidlanski@kttlaw.com (primary) <br> Email: sf@kttlaw.com (secondary) |

**DEFENDANT JOHANNA M. GARCIA'S MEMORANDUM
IN OPPOSITION TO PAVEL RUIZ'S MOTION TO QUASH**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

| Party | Method of Service | Name, Address, Telephone, and Email of Party's Counsel |
|---|---|---|
| **PAVEL RUIZ**<br>*Non-Party* | CM/ECF<br>E-mail | Michael Mirer, Esq.<br>100 N. Biscayne Blvd.<br>Suite 1300<br>Miami, FL 33130<br>Telephone: (305) 536-6177<br>Email: michael@mirerlaw.com |

By: /s/ **Carl F. Schoeppl**
Carl F. Schoeppl, Esquire
Florida Bar No. 818518
*One of the Attorneys for Defendant
Johanna M. Garcia*
**SCHOEPPL LAW, P.A.**
4651 North Federal Highway
Boca Raton, Florida 33431-5133
Telephone: (561) 394-8301
Facsimile: (561) 394-3121
Email:  carl@schoeppllaw.com