UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61644-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MJ CAPITAL FUNDING, LLC,
MJ TAXES AND MORE, INC., and
JOHANNA M. GARCIA,

    Defendants.
_____/

### RECEIVER'S SECOND INTERIM APPLICATION TO AUTHORIZE PAYMENT OF FEES AND EXPENSES OF RECEIVER AND HER PROFESSIONALS

Corali Lopez-Castro, as Receiver ("Receiver") over MJ Capital Funding, LLC ("MJ Capital") and MJ Taxes and More Inc. ("MJ Taxes") (collectively, the "Receivership Defendants")[1], files this Second Interim Application to Authorize Payment of Fees and Expenses incurred by Receiver and her Professionals from November 1, 2021 through December 31, 2021 (the "Application Period").[2]

---

[1] The receivership has been expanded to include, and the receiver has been appointed over, Pavel Ruiz MJCF LLC and UDM Remodeling, LLC pursuant to the Order Granting Receiver's Motion to Expand Receivership Estate [D.E. 79], which order is presently subject to a pending motion to vacate [D.E. 83].

[2] The Receiver seeks (1) authorization to immediately pay all fees and expenses less a hold-back of 20% (as to fees); and (2) authorization to pay the 20% hold-back upon final distribution of Receivership assets to investors.

## Background

On August 9, 2021, the Securities and Exchange Commission ("S.E.C.") initiated this action against Johanna M. Garcia and the Receivership Defendants. [D.E. 1]. The S.E.C.'s Complaint alleges that Johanna M. Garcia used the Receivership Defendants to perpetrate a Ponzi scheme by which investors were tricked into thinking they were funding Merchant Cash Advance ("MCA") loans to small businesses when in reality their "returns" have been funded with money obtained from new investors.

The S.E.C. requested the immediate appointment of a Receiver to exercise full and exclusive power, duty and authority to administer and manage the business affairs, funds, assets, causes in action and any other property of the Receivership Defendants; marshal and safeguard all of their assets, and "take whatever actions are necessary for the protection of the investors." [D.E. 17].

## The Receivership

On August 12, 2021, this Court appointed Corali Lopez-Castro as the Receiver over MJ Capital and MJ Taxes ("Receivership Order"). [D.E. 17] The Receivership Order directs the Receiver to take exclusive jurisdiction and possession of all assets of the Receivership Defendants, exercise all powers of the officers, directors, managers, and general and limited partners of the Receivership Defendants, and marshal and preserve assets of the Receivership Defendants and attributable to funds derived from investors of the Receivership Defendants, among other things. Since being appointed, the Receiver has been engaged in the process of identifying, securing and recovering the receivership assets and investigating the Receivership Defendants' operations and financial affairs.

From the Receiver's preliminary investigation, it appears that at least 5,500 investors were induced by Johanna Garcia and over 400 promoters to invest as much as $200,000,000 in this Ponzi scheme. The Receiver has focused on securing and recovering assets of the Receivership Defendants in order to provide a source of repayment for these defrauded investors. In addition to recovering cash, accounts, and other assets of the Receivership Defendants, the Receiver has recovered money and other assets from several individuals involved in promoting these investments. Though several individuals and companies have agreed to return funds and other assets to the Receiver, many others have not. The Receiver is continuing her efforts to retrieve assets from individuals and companies, and will pursue other avenues to recover assets from those who do not voluntarily surrender assets, including bringing litigation before the Court.

Pursuant to court orders, the Receiver hired the law firm of Kozyak Tropin & Throckmorton, LLP to represent her in the performance of her duties [D.E. 35], the forensic accounting firm of KapilaMukamal, LLP to review, reconstruct and analyze the Receivership Defendants' financial records and provide additional accounting services [D.E. 35], HD Investigative Group LLC as investigators to help identify assets and causes of action of the Receivership Defendants [D.E. 49], and Martin Claire & Co. LLC to auction the personal property located at the Receivership Defendants' business premises. [D.E. 64].[3] The Receiver, her counsel and accountants have agreed to substantial discounts from their usual hourly rates in connection with this engagement. The Receiver and her counsel are billing at hourly rates of $150-$350, compared to usual hourly rates of $250-$800, and her accountants are billing at hourly rates of $170-$350, compared to usual hourly rates of $170-$690.

---

[3] The auctioneer's compensation was already addressed in the Order approving their retention and is not the subject of this application.

### Summary of Services Rendered by the Receiver and Her Professionals During the Application Period

In fulfilling her duties pursuant to the Receivership Order, the Receiver and her professionals have provided services as summarized below and separated their time into the activity categories provided in the Billing Instructions. A more detailed description of the services rendered is included in the time records attached hereto as Exhibits B through E.

**CASE ADMINISTRATION**

This category primarily involves the actions of the Receiver and her professionals to obtain and review books and records of, and relating to, the Receivership Defendants' business operations and assets, as well as ongoing, frequent, and extensive communications with investors to answer questions and apprise them of the status of the receivership. The services rendered were as follows:

- The Receivership Order directs that all Receivership Assets and Recoverable Assets (as defined in the Receivership Order) are frozen until further order of the Court. Upon its entry, the Order was promptly served on financial institutions which were known or expected to be holding Receivership Assets or Recoverable Assets. Pursuant to the freeze order, as of August 12, 2021, $6,459,913.39 and $200,000 were frozen at the Receivership Defendants' accounts at JP Morgan Chase Bank, and $10,500 and $7,618.69 were frozen at their accounts at Wells Fargo Bank. In addition, approximately $3.4 million in accounts of related persons and entities have been seized from various banks. Further, Defendant Johanna Garcia has agreed to continue to abide by the Order of Preliminary Injunction and Other Relief by Consent as to Defendant Johanna M. Garcia [ECF 47], and the freeze of her bank accounts and other assets through March 30, 2022.

- The Receiver has continued to collect confirmation information for investors through the website's form, which she will use to provide notice of the claims submission procedures once they have been finalized and approved by the Court.  The Receiver has also established a dedicated email address for investors (MJCapital@kttlaw.com).  The Receiver and her personnel have responded to hundreds of investor inquiries received through this email address and telephone calls.

- The Receiver has been working with General Counsel for Microsoft for turnover of the Receivership Defendants' email accounts pursuant to this Court's order directing control of the websites, social media accounts and software accounts used by the Receivership Defendants be turned over to the Receiver. The Receiver has obtained control over the website previously used by MJ Capital and has redirected it to the website maintained by the Receiver, https://kttlaw.com/mjcapital, which is used to provide information and updates to investors, including pertinent information related to the Receivership, important dates and deadlines, and Court filings.  The website also contains a list of "Frequently Asked Questions" and answers, which are updated as the Receiver and her personnel continue to field inquiries from investors.

- The Receiver re-sent notices of the withdrawal of MJ Taxes as acting registered agent to the companies' business owners. As the Court may recall, MJ Taxes was the registered agent for numerous companies.

**ASSET ANALYSIS AND RECOVERY**

The Receiver and her professionals have undertaken an extensive review of all available materials, whether obtained from the business premises or obtained from third parties, including both hard-copy documents as well as electronic information and communications. The Receiver has also conducted interviews with several individuals involved in the operation of the

Receivership Defendants and/or received considerable funds from the Receivership Defendants, investors, and persons or entities who were allegedly merchant cash advance customers in the few merchant cash advance agreements that were found at the Receivership Defendants' business premises and other services rendered as discussed below.

- Since securing the premises, the Receiver and her professionals continue to be engaged in the process of obtaining and reviewing books, records, and other materials of the Receivership Defendants and related parties, including over 90 bankers' boxes of documents, of which 82 boxes contain investor agreements, and over 9,000 email notifications from DocuSign that include investor agreements.

- The Receiver and her professionals have reviewed additional documents and conducted interviews with individuals who held the title of "Manager" or "Account Representative" within MJ Capital's pyramid-type structure, and such review indicates that there was no substantial business activity of funding and collection of MCAs. The Receiver's investigation is consistent with the SEC's analysis, and does not reflect any meaningful volume of MCA business sufficient to support the funds raised from and returns promised to investors, as well as the referral fees paid to promoters. As noted in the First Report, only a small number of MCA agreements have been located at the Receivership Defendants' business premises. The Receiver's ongoing investigation continues to indicate that many of these MCA agreements are forgeries where the supposed customer never signed any document and never received from or paid to the Receivership Defendants any money.

- Many individuals and companies who received a significant amount of funds from the Receivership Defendants have been served with subpoenas. In response, the Receiver and her professionals have received over a thousand pages of document productions from these

6

individual and companies, which she and her professionals are reviewing, and conducted multiple meetings and deposed one individual. The Receiver and her professionals are continuing to communicate with numerous individuals and companies, and their attorneys regarding document productions, depositions, interviews and surrendering assets.

- The Receiver has also obtained and reviewed banking records from financial institutions where the Receivership Defendants maintained accounts. In addition, the Receiver has issued subpoenas to financial institutions, and obtained additional records for accounts of related entities which received Receivership Assets and/or Recoverable Assets. In response, these banks have produced over a thousand pages of production which the Receiver and her professionals are reviewing.

- The Receiver and her professionals issued and served subpoenas to testify with requests for production of documents to approximately 50 individuals and companies who were involved with, and received monies from, the Receivership Defendants. As a result of these subpoenas, individuals, companies and/or their attorneys have contacted the Receiver's professionals, and many have agreed to meet with the Receiver. Numerous individuals and companies have agreed to: (a) surrender funds received from the Receivership Defendants, (b) surrender assets acquired with funds from the Receivership Defendants, such as luxury watches, jewelry and other goods, and (c) liquidate assets, such as cryptocurrency, investments and other assets, purchased with funds from the Receivership Funds and surrender the proceeds to the Receiver. The Receiver's goal is to effectuate the turnover without the need for litigation and the attendant cost of same. As a result of the Receiver's meetings during the Application Period, individuals and companies have surrendered cash totaling $409,567.68. Additional assets have been surrendered to the Receiver which are listed below.

- Pursuant to her authority under the Receivership Order, the Receiver continues requesting turnover of all files from attorneys who provided services to the Receivership Defendants.

- The Receiver discussed depositions of potential witnesses with the S.E.C. and coordinated, prepared for and attended the depositions of key witnesses.

- The Receiver filed a motion to expand the receivership to include Pavel Ruiz MJCF LLC and UDM Remodeling, LLC (the "Pavel Companies") [DE 67]. The motion was based on substantial evidence that the Pavel Companies, which were formed by Pavel Ruiz, a Board Member and "Director" within MJ Capital, were used as instrumentalities of the fraud to raise and receive substantial investor funds, and sought to treat the Pavel Companies as receivership entities, and their assets, and any assets acquired with investor funds, as Receivership Assets under applicable legal standards. The Court entered an Order Granting Receiver's Motion to Expand Receivership Estate [DE 79] determining that expansion of the Receivership to include the Pavel Companies is necessary to effectively safeguard assets for the benefit of investors and to guard against potential dissipation. The Pavel Companies subsequently filed a Motion to Vacate the Court's Order, the Receiver filed her Response to Pavel Ruiz MJCF LLC and UDM Remodeling, LLC's Motion to Vacate and Reconsider Order Granting Receiver's Motion to Expand Receivership Estate on October 29, 2021 [ECF 95], and the Pavel Companies filed their reply on November 9, 2021 [ECF 98]. The matter is fully briefed and pending before the Court.

- The Receiver issued a subpoena to Bank of America, N.A. ("Bank of America") to obtain bank records for accounts of the Receivership Defendants, and related individuals and parties, including DaVibezCreations, LLC ("DaVibezCreations"), a company that received more

than $1,400,000 from the Receivership Defendants. On October 7, 2021, DaVibezCreations filed a motion to quash the subpoena [ECF 69] alleging in part that its bank records are confidential and DaVibezCreations is a victim. The Receiver filed her response in opposition to the motion on October 15, 2021 [ECF 81], and on October 18, 2021, the Court entered a paperless Order denying the motion [ECF 84] because DaVibezCreations failed to confer with the Receiver as required under the local rules. DaVibezCreations filed a second motion to quash the same subpoena [ECF 86] on October 20, 2021. The Receiver filed a response the following day advising that the motion was untimely as the production deadline ran and documents had been produced [ECF 87]. On December 12, 2021, the Court entered a paperless Order denying the motion as untimely and stating that DaVibezCreations has not shown good cause for its delay in seeking relief [ECF 104]. Based on a review of the bank records received by the Receiver for only a fraction of all accounts held by DaVibezCreations, DaVibezCreations received over $835,800 from the Receivership Defendants which accounts for more than 84% of all funds it received during the review period.

- As of December 31, 2021, the Receiver, through her investigation of and interviews with individuals and entities involved in promoting the Receivership Defendants, has recovered $1,832,728.35 in funds turned over by various parties. In addition to the funds turned over, the Receiver, through her securing of the Receivership Defendants' business premises and her investigation of related entities and individuals, has recovered or received turnover of and currently holds the following additional items: (a) 14 One Oz. Gold Bars, (b) 3 T-Mobile SIM Cards, (c) 3 Pre-Paid Visa Cards, (d) Hand & Stone Gift Card, (e) $100 Visa Gift Card and $50 Starbucks Gift Card, (f) Gold Chain, (g) 3 Rolex Watches, 1 Michelle Watch and 1 Gucci Watch,

(h) 1 Gucci Backpack, 1 Louis Vuitton Purse, 1 Louis Vuitton Bag and 1 Christian Dior Purse, and (i) 1 rings, and 1 pair of earrings.

- The Receiver continues to work with counsel to investigate all potential avenues of recovery for the benefit of investors, including from promoters who received investor funds.

**CLAIMS ADMINISTRATION AND OBJECTIONS**

- The Receiver is in the process of formulating her proposed claims submission procedures, which she will submit to the Court for approval. No formal procedures have been proposed or approved at this time. Investors will receive notice of the claims submission procedures that are approved by the Court, along with the forms and instructions regarding how to submit claims. The Receiver intends to employ Stretto, Inc. as a consultant and service provider to provide an electronic platform to receive and maintain the proofs of claim and supporting documentation which will be submitted by thousands of investors.

**INVESTIGATION OF CLAIMS AGAINST THIRD PARTIES**

The Receiver is investigating all parties involved in the fraud including reviewing volumes of documents produced by banks and third party class counsel.

**LITIGATION – CLAWBACKS**

- The Receiver and her professionals have conducted research regarding fraudulent transfers and considered potential claims against net winner investors and fundraisers.

**KapilaMukamal LLP**

KapilaMukamal, LLP continues their review of 82 bankers boxes of investor agreements, and 9,233 email notifications from DocuSign that include investor agreements; analysis and reconstruction of the bank account records, financial records, and other related documents of the Receivership Defendants and related entities in order to assist the Receiver in identifying

potential assets for recovery and understanding and reconstructing the Receivership Defendants' financial transactions and any transfers by the Receivership Defendants to individuals and companies; and reviewing and compiling investor subscription packages and agreements in order to identify investors and quantify their investments.

KapilaMukamal has also assisted the Receiver in preparing certain required tax forms and filings for the Receivership Defendants.

### HD Investigative Group, LLC

HD Investigative Group, LLC has assisted the Receiver in performing certain investigative work to assist in the Receiver's efforts to identify and secure assets, in locating, and obtaining service of subpoenas for discovery from, many individuals and companies, and attempting retrieval of assets.

### Status of the Receivership Accounting

As of December 31, 2021, the Receivership Estate has cash on hand in the amount of $10,920,102.43, which the Receiver is holding in the Receiver's trust accounts at IberiaBank and City National Bank.  This amount does not include the funds frozen in Receivership Defendants' accounts at Wells Fargo Bank. At the time of the banks' responses to the freeze order, $10,500 and $7,618.69 frozen at their accounts at Wells Fargo Bank. The SEC's Standardized Fund Accounting Report (the "SFAR") for the Application Period is attached hereto as **Exhibit A.**  As of the date of filing this Application, the Receivership Estate has cash on hand of $10,920,102.43, of which the Receiver estimates that approximately $1,056,065 consists of funds deposited into MJ Capital's account with Chase Bank on and after August 12, 2021.

**Request for Fees and Expenses**

At Paragraph 53, the Receivership Order provides for reasonable compensation and expense reimbursement to be paid to the Receiver and her retained professionals from the assets held by the Receivership Estate.

On August 26, 2021 and September 8, 2021, this Court entered Orders authorizing the Receiver to employ (i) Kozyak Tropin & Throckmorton, LLP as counsel, (ii) KapilaMukamal, LLP as forensic accountants, and (iii) HD Investigative Group, LLC as investigators, all retroactive to August 12, 2021, respectively [D.E. 35, 49].

By this Application, the Receiver is proposing that this Court approve all of the fees and expenses incurred by the Receiver and each of her professionals during the Application Period, and authorize the distribution for payment of 100% of such expenses and 80% of such fees (with a holdback of 20% of the fees). This is the Receiver's second request for approval of compensation and reimbursement of expenses incurred by the Receiver and each of her professionals.

The Receiver proposes that the awarded fees and expenses be paid from the funds currently held in the Receiver's accounts.

As reflected in the attached invoices, the total amount of fees and expenses incurred by the Receiver and each of her professionals[4] during the Application Period (November 1, 2021 through December 31, 2021) is as follows:

---

[4] As required by the SEC's Billing Agreement, the Fee Schedule reflecting the names and hourly rates of all of the Receiver's professionals and paraprofessionals are fully set forth in each firm's respective invoices attached hereto as Exhibits B, C and D. Kozyak Tropin & Throckmorton, LLP has a core group of attorneys primarily responsible for most matters involved in this case, but in certain instances has brought in other attorneys – particularly associates at lower billable rates – to work on discrete tasks where appropriate.

    a. The Receiver: The total amount of fees incurred was $13,475.00 (which total includes fees in the amount of $13,475.00 and no expenses. *See* detailed time entries attached as **Exhibit B** hereto.

    b. Kozyak Tropin & Throckmorton, LLP: The total amount of fees and expenses incurred was $122,228.64 (which total includes fees in the amount of $120,515.00 and expenses in the amount of $1,713.64). *See* **Exhibit C** hereto.

    c. KapilaMukamal, LLP: The total amount of fees and expenses incurred were $166,745.61 (which total includes fees in the amount of $166,375.00 and expenses in the amount of $370.61). *See* **Exhibit D** hereto.

    d. HD Investigative Group, LLP: The total amount of fees incurred were $9,025.00 (which includes fees in the amount of $9,025.00 and no expenses). *See* **Exhibit E** hereto.

In the case of the Receiver, Kozyak Tropin & Throckmorton, LLP, and KapilaMukamal, LLP, the foregoing totals reflect time charged at reduced hourly rates in accordance with the agreement between the Receiver and the S.E.C. Specifically, for purposes of this representation, the foregoing firms reduced their partner attorney rates from $675-$800 per hour to $350 per hour, and their associate attorney rates from $450-$550 per hour to $250-$300 per hour.

The services rendered during the Application Period are reflected and described in the attached Exhibits, and the professionals have separated their time into specific Activity Categories as directed by the S.E.C.'s Receivership Billing Instructions.

## Memorandum of Law

The Receiver and her professionals are entitled to reasonable compensation and expenses pursuant to the Receivership Order. A receiver appointed by a court who reasonably and

diligently discharges her duties is entitled to be fairly compensated for services rendered and expenses incurred. *See SEC v. Byers*, 590 F. Supp. 2d 637, 644 (S.D.N.Y. 2008); *see also SEC v. Elliott*, 953 F.2d 1560 (11th Cir. 1992) ("[I]f a receiver reasonably and diligently discharges his duties, he is entitled to compensation.") A receiver and her lawyers are "also entitled to be reimbursed for the actual and necessary expenses they incurred in the performance of their duties." *Fed. Trade Comm'n v. Direct Benefits Grp.,* LLC, Case NO. 6:11-cv-1186-Orl-28TBS, 2013 WL 6408379, at *3 (M.D. Fla. Dec. 6, 2013).

Receivership courts have traditionally determined reasonableness of compensation by using the "lodestar" approach, calculating a reasonably hourly rate in the relevant market and the reasonable number of hours expended. *See, e.g., SEC v. Aquacell Batteries, Inc.*, Case No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, *3 (M.D. Fla. Jan. 31, 2008); *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The hourly rates billed by the Receiver and her professionals are reasonable for professionals practicing in the Southern District of Florida, particularly in light of the reduced hourly rates described above, and the services reflected in the attached exhibits were reasonably necessary to the Receiver's performance of her duties as set forth in the Receivership Order.

## **CERTIFICATION OF CONFERENCE**

*The Receiver has discussed the relief requested herein with the S.E.C. and is authorized to represent to this Court that, after reviewing the time records and other materials submitted herewith, the S.E.C. does not oppose the relief sought in this Application.*

WHEREFORE, Corali Lopez-Castro, as Receiver, respectfully requests that the Court enter an Order:[5]

---

[5] A copy of a proposed order granting the Receiver's Second Interim Application for Order Authorizing Payment of Fees and Expenses is attached hereto as **Exhibit F**.

(a) approving the total amount of fees and expenses for the Application Period of: the Receiver in the amount of $13,475.00 in fees; Kozyak, Tropin & Throckmorton, LLP in the amount of $120,515.00 in fees and $1,713.64 in expenses; KapilaMukamal, LLP in the amount of $166,375.00 in fees and $370.61 in expenses; and HD Investigative Group, LLC in the amount of $9,025.00 in fees;

(b) authorizing payment of 80% of the approved fees and 100% of the approved expenses from the assets held by the Receivership Estate, as set forth herein; and

(c) authorizing payment of the remaining balance of the approved fees (*i.e.*, the 20% holdback) upon final distribution of Receivership assets to investors.

Dated: February 22, 2022                    Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel:   (305) 372-1800/Fax:  (305) 372-3508
Email: bwidlanski@kttlaw.com
Email: blee@kttlaw.com

By:  /s/ Benjamin J. Widlanski
       Benjamin J. Widlanski
       Florida Bar No. 1010644
       Bernice C. Lee
       Florida Bar No. 0073535
       *Counsel for Corali Lopez-Castro, Receiver*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via electronic mail upon all counsel of record on this 22nd day of February, 2022.

By:  /s/ Benjamin J. Widlanski
       Benjamin J. Widlanski

# CERTIFICATION

The undersigned certifies that:

(a) I have read this application ("Application");

(b) to the best of my knowledge, information and belief formed after reasonable inquiry, the Application and all fees and expenses therein are true and accurate and comply with the Billing Instructions;

(c) all fees contained in the Application are based on the rates listed in the Exhibits attached hereto and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed;

(d) I have not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent that any such amortization is included within the permitted allowable amounts set forth herein for photocopies and facsimile transmission);

(e) in seeking reimbursement for a service which I justifiably purchased or contracted for from a third party (such as copying, imaging, bulk mail, messenger service, overnight courier, computerized research, or title and lien searches), I request reimbursement only for the amount billed to me by the third party vendor and paid by me to such vendor. To the extent that such services were performed by me as Receiver, I certify that I am not making a profit as Receiver on such reimbursable service.

(f) With the exception of the Billing Instructions, I have not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estates, or any sharing thereof.

Respectfully submitted and certified,

*s/ Corali Lopez-Castro*
Corali Lopez-Castro, as Receiver


Respectfully submitted this 22nd day of February 2022.