UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61644-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MJ CAPITAL FUNDING, LLC,
MJ TAXES AND MORE, INC., and
JOHANNA M. GARCIA,

    Defendants.
_____/

## ORDER GRANTING RECEIVER'S MOTION TO (I) ESTABLISH BAR DATE FOR CLAIMS; (II) APPROVE FORM AND MANNER OF NOTICE; (III) APPROVE PROOF OF CLAIM FORM; AND (IV) APPROVE CLAIM SUBMISSION AND ADMINISTRATION PROCEDURES

**THIS CAUSE** is before the Court on the Receiver's Motion to (I) Establish Bar Date for Claims; (II) Approve Form and Manner of Notice; (III) Approve Proof of Claim Form; and (IV) Approve Claim Submission and Administration Procedures (the "Motion") (DE [113]) filed by Corali Lopez-Castro, as the court-appointed receiver (the "Receiver") over MJ Capital Funding, LLC ("MJ Capital"), MJ Taxes and More, Inc. ("MJ Taxes"), Pavel Ruiz MJCF LLC and UDM Remodeling, LLC (each a "Receivership Entity" and collectively, the "Receivership Entities"). Upon due consideration of the Motion, and being otherwise fully advised in the premises, it is hereby

    **ORDERED and ADJUDGED as follows:**

1. The Motion (DE [113]) is **GRANTED**.

2. This Court establishes 11:59 p.m. (prevailing Eastern Time) on the date that is

**120 days after the entry of this Order** as the deadline for all Claimants (defined below) to submit completed and signed Proofs of Claim and supporting documentation evidencing their Claims against the Receivership Entities (the "Bar Date").

3. The proof of claim form attached to the Motion as Exhibit C, and the submission and administration procedures set forth in the Motion and herein (the "Claims Procedures") are **APPROVED**.

4. The notice of Bar Date and Claims Procedures attached to the Motion as Exhibit B (the "Bar Date Notice") is **APPROVED**.

5. The publication notice of the Bar Date and the procedures for submitting proofs of claim attached to the Motion as Exhibit D (the "Publication Notice") is **APPROVED**.

6. The form and manner of notice of the Bar Date, Bar Date Notice, Publication Notice, proof of claim form and Claims Procedures described in the Motion are **APPROVED**.

7. The Receiver is authorized and instructed to initiate the Claims Procedures.

I. **DEFINED TERMS FOR CLAIMS PROCEDURES**

8. <u>Claims</u>. For purposes of this Order, the Claims Procedures, and the Bar Date, a "Claim" is defined as: (a) a right to payment or claim of any nature, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, mature, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, against one or more of the Receivership Entities that arose from the beginning of time through the present date; or (b) a right to an

equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, against one or more of the Receivership Entities that arose from the beginning of time through the present date.

9. Claimant. For purposes of this Order, the Claims Procedures, and the Bar Date, a "Claimant" is defined as and includes: any person or entity (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, trusts, and governmental units) that holds a Claim. Without limiting the generality of the foregoing, the definition of Claimant includes, but is not limited to, any person or entity holding: (a) a Claim based on any investment in a Receivership Entity, including funds provided to MJ Capital for the purpose of funding a Merchant Cash Advance, or (b) a Claim of any kind whatsoever against any Receivership Entity, including, without limitation a Claim based on: the provision of goods or services to any Receivership Entity that has not been paid in whole or in part; money loaned to any Receivership Entity that has not been paid in whole or in part; unpaid wages, compensation or other employment benefits; tax liabilities, including those held by federal and state governments; primary, secondary, direct, indirect, secured, unsecured or contingent liability; or contract, tort, indemnity, reimbursement, subrogation theories or other legal or equitable theory. For purposes of this Order, the Claims Procedures, and the Bar Date, the definition of Claimant does not include professionals employed by the receivership estate.

## II. CLAIMS PROCEDURES

10. <u>Eligibility to Submit Proofs of Claim</u>. Proofs of claim shall be submitted by all persons or entities (including, without limitation, individuals, partnerships, corporations, joint ventures, estates, trusts, and governmental units) that are Claimants and believe that they are owed any money by, or have a right to distribution from, any of the Receivership Entities, regardless of whether the Claim at issue has been acknowledged by the Receiver or whether the Claim at issue is held with or through any person or entity or based on primary, secondary, direct, indirect, secured, unsecured, or contingent liability.

11. <u>Professional Claims</u>. Professionals hired by the receivership estate will not be required to submit proofs of claim on or before the Bar Date and will not be subject to the Bar Date. All claims of the Receiver and her professionals will be addressed in accordance with the Receivership Order and other applicable orders of the Court.

12. <u>Procedure for Submitting Proof of Claim Form</u>. Except as otherwise ordered by this Court or provided below, each Claimant must submit a completed and signed proof of claim form under penalty of perjury and evidencing such Claimant's Claim, together with supporting documentation, to the Receiver's claims agent, Stretto, Inc., (the "Claims Agent"), so that such proof of claim form is **actually received** on or before the Bar Date by: (a) electronic submission via https://cases.stretto.com/mjcapital, (b) courier service, hand delivery, or mail addressed to MJ Capital Claims c/o Stretto 410 Exchange, Ste. 100, Irvine, CA 92602, or (c) electronic mail, as an attachment in portable document format

(.pdf), to TeamMJCapital@stretto.com. Proof of claim forms should not be filed with the Court, and any proof of claim forms so filed will not be considered properly submitted.

13. <u>Supporting Documentation for Proof of Claim</u>. Each Claimant should attach to each proof of claim form copies of all documents available to the Claimant that could support such Claim. Such documentation may include, but is not limited to: (a) copies of personal checks, cashier's checks, wire transfer advices, cash receipts, and other documents evidencing the investment of funds; (b) copies of each signed investment contract; (c) a chronological accounting of all money and other assets received by the Claimant, directly or indirectly, from any Receivership Entity, whether such monies are denominated as the return of principal, interest, commissions, referral fees, affiliate payments, or otherwise; (d) copies of all agreements, promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, evidence of perfection of lien; and (e) other documents evidencing the amount and basis of the Claim. If such supporting documentation is not available, the Claimant must attach to the proof of claim form an explanation of why the documentation is unavailable.

14. <u>Proof of Claim Forms Must Identify Receivership Entity</u>. Any Claimant holding Claims against more than one Receivership Entity must submit a separate proof of claim form against each such Receivership Entity, and identify on each proof of claim form the particular Receivership Entity against which the proof of claim form is asserted.

15. <u>Effect of Failure to Submit Proof of Claim Form Before Bar Date</u>. Any Claimant who is required to submit a proof of claim form, but fails to do so in a timely manner or in the proper form: (a) shall be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, such Claim against the Receivership Entities and their respective property and estates; (b) shall not be permitted to object to any distribution and liquidation plan proposed by the Receiver on account of such Claim; (c) shall be denied any distributions under any distribution and liquidation plan implemented by the Receiver on account of such Claim; and (d) shall not receive any further notices on account of such Claim. Further, the Receivership Entities and their respective property and estates will be discharged from any and all indebtedness or liability with respect to such Claim.

16. <u>Reservation of Rights</u>. Nothing herein shall prejudice any right of the Receiver to dispute, or assert offsets or defenses as to the nature, amount, liability, classification, or otherwise against, any amounts asserted in any proof of claim. Nothing contained herein is intended to preclude the Receiver from objecting to any proof of claim form on any grounds.

17. <u>No Involvement in Fraud</u>. Each Claimant will be required to establish the proof of claim to the satisfaction of the Receiver through documentation and/or sworn statements that:

    a. such Claimant transferred funds, or provided goods or services directly or indirectly to any Receivership Entity, or otherwise possesses a legally enforceable obligation payable by the Receivership Entities;

    b. such Claimant (i) was not a board member, officer, director, owner, manager, team lead, account representative or other insider of any Receivership Entity or affiliate of any Receivership Entity, (ii) did not knowingly assist any Receivership Entity or affiliate of any Receivership Entity effectuate, perpetuate or promote the MJ Fraud (as defined in the Motion), and (iii) did not have knowledge of the fraudulent nature of any Receivership Entity or affiliate of any Receivership Entity at the time funds were transferred to, or a debt was incurred by, such entity; and

    c. the total amount of funds such Claimant transferred to the Receivership Entities or their affiliates exceeds the total amount of funds the Receivership Entities and their affiliates transferred to such Claimant, or the total value of the goods or services that the Claimant provided to the Receivership Entities exceeds the total amount of funds the Receivership Entities paid to such Claimant for such goods and services.

If a Claimant cannot prove the foregoing factors set forth in subsections (a) through (c) of this paragraph, the proof of claim may be disallowed (subject to the procedures described below) in the Receiver's discretion.  The Receiver may consider, however, other factors in determining whether a proof of claim should be an allowed Claim, and notwithstanding the foregoing factors, the Receiver will analyze each Claim individually and the circumstances surrounding each Claimant's transactions with and relationship to the Receivership Entities and/or their affiliates.  All rights of the Receiver to object to and seek to disallow any proof of claim, to pursue any claims against any Claimant, including,

but not limited to, a Claimant that received transfers from the Receivership Entities and/or their affiliates in excess of such Claimant's total transfers to those entities, to allow late-filed proof of claim, or to conduct further investigation into any particular Claim, are reserved.

18. <u>Claims Determination Process</u>: Following the Bar Date, the Receiver will approve or reject, in whole or in part, all proofs of claim submitted by the Bar Date.

    a. In the event the Receiver rejects any proof of claim, in whole or in part, the Receiver will apprise the Claimant via first class mail and/or email of the rejection of the proof of claim, the basis for the rejection, and the process for appealing such rejection (the "Rejection Notice").

    b. **Within 60 days after service of the Rejection Notice** (the "Reconsideration Deadline"), any Claimant whose proof of claim is rejected by the Receiver, in whole or in part, may request that the Receiver reconsider that denial by sending the Receiver a letter seeking reconsideration of the Rejection Notice that states the basis of the Claim and response to the Rejection Notice (the "Reconsideration Letter"). The Reconsideration Letter must be **actually delivered** to the Claims Agent by the Reconsideration Deadline by: (i) courier service, hand delivery, or mail addressed to MJ Capital Claims c/o Stretto 410 Exchange, Ste. 100, Irvine, CA 92602, or (ii) electronic mail, as an attachment in portable document format (.pdf), to TeamMJCapital@stretto.com.

    c. The Receiver shall have **90 days after receipt of a timely**

**Reconsideration Letter** to reconsider any request by any Claimant whose proof of claim was initially rejected by the Receiver, and to apprise the Claimant via first class mail and/or email of the reconsideration or rejection of the Claim (the "Final Determination Notice").

d. **Within 30 days of service of the Final Determination Notice** (the "Appeal Deadline"), any Claimant whose proof of claim was finally rejected by a Final Determination Notice may appeal the Receiver's rejection of the Claim to the Court by timely filing with the Court an Appeal of Final Determination Notice which must state the basis of the Claim and the Claimant's response to the Final Determination Notice.

e. The Receiver's Response to an appeal filed with the Court shall be due **within 30 days after such appeal is filed**. Following the time for the Receiver's response, the Court may make a final determination or may set the matter for hearing. A final determination by the Court is final for all purposes.

Any Claimant who receives a Rejection Notice or Final Determination Notice, but fails to file in a timely manner or in a proper form a Reconsideration Letter by the Reconsideration Deadline or a Final Determination Notice by the Appeal Deadline: (a) shall be forever barred, estopped, and enjoined to the fullest extent allowed by applicable law from asserting, in any manner, such Claim against the Receivership Entities and their respective property or estates; (b) shall not be permitted to object to any distribution and liquidation plan proposed by the Receiver on account of such Claim; (c) shall be denied

any distributions under any distribution and liquidation plan implemented by the Receiver on account of such Claim; and (d) shall not receive any further notices on account of such Claim. Further, the Receivership Entities and their respective property or estates will be discharged from any and all indebtedness or liability with respect to such Claim.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of March 2022.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel of record via CM/ECF