UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 21-61644-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

      **Plaintiff,**

v.                   JURY TRIAL DEMANDED

MJ CAPITAL FUNDING, LLC,
MJ TAXES AND MORE, INC., and
JOHANNA M. GARCIA,

      **Defendants.**

_____/

### DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL

Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, Defendant Johanna M. Garcia ("Garcia"), by and through her undersigned counsel, hereby submits this Answer with Affirmative Defenses to the Amended Complaint [ECF No. 130] filed by the Securities and Exchange Commission ("SEC") and Demand for Jury Trial, and, in support hereof, alleges:

1. A parallel federal criminal investigation (the "Parallel Criminal Investigation") relating to the allegations of the Amended Complaint is currently being conducted. Thus, Garcia has a real and substantial fear of possible criminal prosecution. Consequently, Garcia now faces the choice of being prejudiced in the present litigation if she asserts her Fifth Amendment rights against self-incrimination in response to the SEC's Amended Complaint or being prejudiced in the Parallel Criminal Investigation if those rights are waived. Faced with this untenable dilemma, Garcia must make a provisional election to avoid an inadvertent waiver of her constitutional rights. Accordingly,

**DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

in an abundance of caution and upon the advice of her counsel, Garcia admits that this Court has personal jurisdiction over her and subject matter jurisdiction over this action, but she hereby provisionally asserts her right against self incrimination granted by the Fifth Amendment to the United States Constitution in response to Paragraphs 1 through 71 of the Amended Complaint in Sections I (Introduction) as alleged, II (Defendants), III (Jurisdiction and Venue) as alleged, IV (Defendants' Fraudulent Scheme) as alleged, V (Claims for Relief) as alleged, and Section VI (Relief Requested) as alleged in the Amended Complaint, and reserves the right to withdraw this assertion at a later date and amend this response to provide substantive answers to the allegations of the Amended Complaint.

2.  Garcia submits that no negative inference should be drawn from her exercise of her Fifth Amendment rights herein. The Fifth Amendment protects a person from "being compelled in any criminal case to be a witness against himself" and applies in any proceeding to "any disclosures that the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-45 (1972). The Supreme Court has long condemned "the practice of imputing a sinister meaning to the exercise of a person's constitutional right under the Fifth Amendment," finding that "[t]he right of an accused person to refuse to testify, which had been in England merely a rule of evidence, was so important to our forefathers that they raised it to the dignity of a constitutional enactment, and it has been recognized as 'one of the most valuable prerogatives of the citizen'." *Slochower v. Board of Higher*

**DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

*Education*, 350 U.S. 551, 557-558 (1956) (citations omitted). "The privilege against self-incrimination would be reduced to a hollow mockery if its exercise could be taken as equivalent either to a confession of guilt or a conclusive presumption of perjury. . . . [A] witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. The privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances." *Id.* (citations omitted).

3. Garcia reserves the right to withdraw her assertion of the Fifth Amendment privilege should she believe it appropriate to do so, including in the event that she obtains immunity from the United States Attorney under 18 U.S.C. §§ 6002 and 6004 or otherwise receives appropriate safeguards to protect her against criminal prosecution. In the event that Garcia withdraws her assertion of the Fifth Amendment privilege, she will seek to further amend this Answer to provide substantive responses and/or additional affirmative defenses.

**AFFIRMATIVE DEFENSES/AVOIDANCES**

Garcia asserts the following affirmative defenses and avoidances, which can be proven without testimony by her, and reserves the right to amend her answer and affirmative defenses based upon information obtained during the course of discovery and/or through the litigation process in this action as the business records of MJ Capital Fund, LLC ("MJ Capital") and MJ Taxes and More, Inc. ("MJ Taxes") have been seized by the Receiver pursuant to an Order Appointing Receiver over MJ Capital and MJ Taxes on August 12, 2021. [ECF No. 17] Discovery in this matter is ongoing.

**DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

## FIRST AFFIRMATIVE DEFENSE

### The Supreme Court's Decision in *Liu* Restricts the SEC to Disgorgement of Net Profits

In the Amended Complaint, the SEC seeks "an Order directing Defendants to disgorge all ill-gotten gains, including prejudgment interest . . ." Amend. Compl., at 15 [ECF No. 130]. The Supreme Court, however, recently held, in *Liu v. SEC*, 140 S. Ct. 1936, 1937, 207 L. Ed. 2d 401 (2020), that to constitute permissible equitable relief authorized by 15 U.S.C. § 78u(d)(5), any disgorgement awarded must "not exceed a wrongdoer's net profits" and must be "awarded for victims." Thus, the SEC is restricted to seeking the disgorgement of only "net profits" and may not seek disgorgement of "all ill-gotten gains."

## SECOND AFFIRMATIVE DEFENSE

### Good Faith Defense to Control Person Liability

Count 8 of the Amended Complaint alleges a claim against Garcia for Control Person Liability Under Section 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78t(a). Amend. Compl., at ¶¶ 69-71 [ECF No. 130]. Garcia asserts herein the affirmative defense that she at all times acted in good faith and did not directly or indirectly induce the act or acts constituting any violation or cause of action. *See* 15 U.S.C. § 78t(a) (providing good faith defense).

**DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

### THIRD AFFIRMATIVE DEFENSE/AVOIDANCE

**Merchant Cash Advance Agreements with Purchasers May Not Be Securities**

The undersigned counsel for Garcia is in the process of investigating the underlying facts and obtaining discovery of the business records of MJ Capital and MJ Taxes as described above. At this time, it is not entirely clear that the agreements purchasers entered into with MJ Companies, described in paragraph 4 of the Amended Complaint (ECF No. 130, ¶ 4) as "a Loan Agreement and later a Merchant Cash Advance Agreement" (the "Purchaser MCA Agreements") are "securities" falling within the penumbra of the definition of a security pursuant to Section 2(a)(1) of the Securities Act of the 1933, 15 U.S.C. § 77b(a)(1); Section 3(a)(10) of the Exchange Act, 15 U.S.C. § 78c(a)(10); *Reves v. Ernst & Young*, 494 U.S. 56, 63 (1990); and *SEC v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946). Further, even if the Purchaser MCA Agreements are found to be "securities," they may be entitled to an exemption from registration under the Securities Act of 1933 and the rules and regulations promulgated thereunder.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendant Garcia demands a trial by jury on all issues triable by a jury as a matter of right.

| | |
|---|---|
| Date: April 4, 2022<br>Boca Raton, Florida | Respectfully submitted,<br><br>By: /s/ **Carl F. Schoeppl**<br>Carl F. Schoeppl, Esquire<br>Florida Bar No. 818518<br>Terry A.C. Gray, Esquire |

**DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

Florida Bar No. 100732
Kyle G. DeValerio, Esquire
Florida Bar No. 18565
**SCHOEPPL LAW, P.A.**
4651 North Federal Highway
Boca Raton, Florida 33431-5133
Telephone: (561) 394-8301
Facsimile: (561) 394-3121
Email: carl@schoeppllaw.com
Email: tgray@schoeppllaw.com
Email: kyle@schoeppllaw.com
*Counsel for Defendant Johanna M. Garcia*

and

David M. Garvin, Esquire
Florida Bar No. 347736
**LAW OFFICES OF DAVID M. GARVIN, P.A.**
P.O. Box 144320
Coral Gables, Florida 33114
Telephone: (305) 371-8101
Facsimile: (305) 371-8848
E-mail: ontrial2@gmail.com
*Co-Counsel for Defendant Johanna M. Garcia*

6

**DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 4, 2022, I electronically filed the foregoing **DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL** with the Clerk of the Court by using the CM/ECF system, which will generate a Notice of Electronic filing to the following CM/ECF participants:

By: /s/ **Carl F. Schoeppl**
Carl F. Schoeppl, Esquire
Florida Bar No. 818518
*One of the Attorneys for Defendant*
*Johanna M. Garcia*

**DEFENDANT JOHANNA M. GARCIA'S ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES/AVOIDANCES AND DEMAND FOR JURY TRIAL**
*SEC v. MJ Capital Funding, LLC, et al.*,
Case No.: 21-61644-CIV-SINGHAL (S.D. Fla.)

| Party | Method of Service | Name, Address, Telephone, and Email of Party's Counsel |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, *Plaintiff* | CM/ECF | Andrew O. Schiff, Esq.<br>Regional Trial Counsel<br>Stephanie N. Moot, Esq.<br>Senior Trial Counsel<br>Raynette R. Nicoleau<br>Senior Counsel<br>Securities and Exchange Commission<br>801 Brickell Avenue, Suite 1800<br>Miami, Florida 33131<br>Telephone: (305) 982-6300<br>Facsimile: (305) 536-4154<br>Direct Dial: (305) 982-6390<br>Direct Dial: (305) 982-6313<br>Direct Dial: (305) 982-6308<br>Email: schiffa@sec.gov<br>Email: moots@sec.gov<br>Email: nicoleaur@sec.gov |
| **MJ CAPITAL FUNDING, LLC, MJ TAXES AND MORE, INC.**, *Defendants in Receivership c/o Receiver, Corali Lopez-Castro* | CM/ECF | Benjamin J. Widlanski, Esq.<br>Kozyak Tropin Throckmorton, LLP<br>2525 Ponce de Leon Boulevard, 9th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 372-1800<br>Email: bwidlanski@kttlaw.com (primary)<br>Email: sf@kttlaw.com (secondary) |

C:\Users\Carl\OneDrive - Schoeppl Law, P.A\Documents\Working Files\Garcia - SEC\Pleadings\Drafts\2022 04 04 Garcia Answer and Aff Defenses 1st Amended Complaint Final.wpd