UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-61644-CIV-SINGHAL

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MJ CAPITAL FUNDING, LLC,
MJ TAXES AND MORE, INC., and
JOHANNA M. GARCIA,

    Defendants.
_____/

### RECEIVER'S MOTION TO APPROVE SETTLEMENT AGREEMENT WITH THE KHAN PARTIES AND FOR RELATED RELIEF

Bernice Lee, as the Court-appointed Receiver ("Receiver") over MJ Capital Funding, LLC ("MJ Capital"), MJ Taxes and More, Inc. (together, the "MJ Defendants"), Pavel Ruiz MJCF LLC and UDM Remodeling, LLC (collectively, the "Receivership Entities"), hereby moves for entry of an Order approving the Settlement Agreement with the Receiver, on one hand, and Raed Khan, Ascension Capital Group, LLC, Khan1, LLC, Khan2, LLC, Khan3, LLC and Khan4, LLC (collectively, the "Khan Parties"), on the other hand, a copy of which is attached hereto as **Exhibit 1** (the "Agreement"), and approval of the contingency fee for the Receiver's counsel as it relates to the Agreement.

### BACKGROUND

1. On August 9, 2021, the Securities and Exchange Commission ("SEC") filed a complaint [DE 1] against the MJ Defendants and Johanna M. Garcia ("Garcia") thereby initiating the above referenced case (the "SEC Action") and later filed an amended complaint [DE 130].

2. On August 12, 2021, the Court entered the Order appointing the Receiver over the

MJ Defendants (the "Receivership Order") [DE 17], and on October 14, 2021, the Court expanded the receivership to include Pavel Ruiz MJCF LLC and UDM Remodeling, LLC [DE 79, 129]. On May 22, 2023, the Court entered an Order appointing Bernice Lee as the successor receiver over the Receivership Entities [DE 203]. The Receivership Order authorizes and directs the Receiver to *inter alia* investigate, prosecute, and compromise actions to recover the Receivership Entities' claims, rights and other assets. *See* Receivership Order, ¶ 7.

3.  On March 21, 2023, the Court entered the Order Approving Third-Party Litigation Procedures and Contingency Fee Arrangement (the "Litigation Order") [DE 193] that authorizes the Receiver to pursue the claims that can be brought against promoters, investors, and other individuals and companies who received funds from the Receivership Entities that may be recoverable as fraudulent transfers, or based on other claims and remedies, such as unjust enrichment and/or constructive trust (the "Additional Third-Party Claims") through, *inter alia*, issuing demand letters, initiating litigation, and settling claims. *See* Litigation Order, ¶ 1(a). The Litigation Order further authorizes the Receiver to receive settlement payments and hold such funds pending Court approval of settlement agreements.

4.  The Receiver has conducted an extensive review of the Receivership Entities' records, and filed a lawsuit against the Khan Parties, Case No. Case No. 25-61605-AHS (the "Receiver Action") seeking recovery of the Fraudulent Transfers (defined below), and the parties have engaged in settlement discussions with respect to the Fraudulent Transfers.

5.  In the Receiver Action, the Receiver asserted that the Receivership Entities transferred an aggregate amount of $1,343,000 to the Khan Parties, and that such transfers are avoidable as fraudulent transfers and recoverable (collectively, the "Fraudulent Transfers").

6.  The Khan Parties have provided several documents and information to the

Receiver, including, but not limited to, the Affidavit of Raed Khan Regarding Net Worth Statement, the Investment Repurchase Agreement dated January 13, 2026 and other documents relating to Raed Khan's investment in Chaos Capital LLC, tax returns for 2022, 2023 and 2024, anticipated tax liability for 2021, records and information relating to accounts with Voyager, Robinhood and Coinbase, bank statements for accounts with Bank of Texas, Bank of America, JPMorgan Chase, BB&T, Wells Fargo Bank, spreadsheets with additional information regarding the use of funds received from the MJ Defendants.

7. In the Agreement, the Khan Parties warrant and represent that: (a) the Khan Parties received $1,373,000 from the Receivership Entitles, and did not receive any other funds or items of value, directly or indirectly, from the Receivership Entities including from other insiders, investors or promoters of the Receivership Entities; (b) Raed Khan individually invested $70,000 with the MJ Defendants using funds that were not received from the Receivership Entities; (c) Raed Khan used $405,000 in funds received from the Receivership Entities to purchase the Chaos Capital Shares; (d) the Khan Parties' current assets consist of only less than $12,000 in bank accounts and the Chaos Capital Shares, and the Khan Parties have no other assets, either held directly or indirectly by a third party; (e) the Khan Parties will receive $120,000 from family members to make the first Settlement Payment; (f) the Khan Parties have received no distributions or other payments on account of the Chaos Capital Shares, and other than Chaos Capital LLC's repurchase of the Chaos Capital Shares, the Khan Parties will not receive any distributions or other payments related to the Chaos Capital Shares and/or from Chaos Capital LLC, and after the repurchase, the Khan Parties shall have no interest in, and/or any right to receive any payments from, Chaos Capital LLC; (g) the Khan Parties have received no payments of any kind or items of value from Chaos Capital LLC, Eric Suedhoff or any other related party or affiliate (except for one

3

payment for $2,000 provided by Chaos Capital LLC to Raed Khan on July 19, 2025 for shared personal entertainment expenses between Raed Khan and Eric Suedhoff); (h) Chaos Capital LLC operated at a loss and had negative net income during 2021 through 2024, and in 2025, generated net income of $171,000; (i) Raed Khan's gross income for 2022 was less than $19,000 as reflected in his 2022 tax return, Raed Khan's gross income for 2023 was less than $14,000 as reflected in his 2023 tax return, and Raed Khan and his spouse's combined gross income for 2024 was $135,795 as reflected in their joint 2024 tax return; (j) Raed Khan's current tax liability for 2021 exceeds $400,000; (k) the Affidavit of Raed Khan Regarding Net Worth Statement and exhibits attached thereto, Investment Repurchase Agreement dated January 13, 2026, tax returns for 2022, 2023 and 2024, bank records, tax returns, spreadsheets, and all other documents and information provided by the Khan Parties to the Receiver, are true, correct and accurate; and (l) the Khan Parties have not filed any claims with the Receiver or Settlement Administrator.

8. In order to fully and finally resolve their disputes, avoid litigation, expense and delay, and settle all claims and causes of action in connection with the Fraudulent Transfers and the MJ Defendants, the parties have reached a compromise and settlement as set forth in the Agreement.

9. Under the Agreement, the Khan Parties agree to pay the Receiver a total of at least $200,000 over time. The estate will recover 15% of the $1,343,000 asserted in the Complaint. The recovery rate would increase to 16% if the amount of liability is reduced by the $70,000 Raed Kahn has represented he invested with the MJ Defendants using funds that were not received from the Receivership Entities.

## **SUMMARY OF AGREEMENT TERMS**

10. The Agreement is subject to Court approval and attached hereto as Exhibit 1.

4

Certain pertinent terms are described below:

    i. <u>Settlement Amount/Payment</u>. The Khan Parties shall pay a total of at least $200,000 (the "Settlement Amount") to the Receiver as follows: (a) $120,000 immediately upon signing this Agreement, (b) $80,000 to be paid on or before March 31, 2026, and (c) all payments due to the Receiver under paragraph 3 below (together, the "Settlement Payments"). The Settlement Payments will be wired to the Receiver. In the event the $80,000 to be paid by Chaos Capital LLC (discussed below) is paid before March 31, 2026, such funds will be immediately wired to the Receiver. In the event the $80,000 to be paid by Chaos Capital LLC is not paid by March 31, 2026, the Khan Parties will have until May 30, 2026 to pay the $80,000 referenced in subsection (b) of this paragraph.

    ii. <u>Chaos Capital Shares</u>. Raed Khan used $405,000 in funds received from the Receivership Entities to purchase shares in Chaos Capital LLC (the "Chaos Capital Shares"), and under an Investment Repurchase Agreement dated January 13, 2026 between Raed Khan and Chaos Capital LLC, Chaos Capital LLC will pay $80,000 to repurchase the Chaos Capital Shares no later than March 31, 2026. The Khan Parties agree that any and all payments related to the Chaos Capital Shares and/or from Chaos Capital LLC will be transferred directly to the Khan Parties' counsel, Alejandro Soto, Fridman Fels & Soto, PLLC, and immediately provided to the Receiver via wire.

    iii. <u>Financial Disclosure</u>. The Khan Parties have provided the Receiver with the Affidavit of Raed Khan Regarding Net Worth Statement in which they represent that the Khan Parties' current assets consist of only: (a) less than $12,000 in bank accounts, and (b) the Chaos Capital Shares, and the Khan Parties have no other assets, either held directly or indirectly by a third party. In the event the Receiver discovers an asset of Raed Khan and/or any of the Khan Parties that was not included in the Affidavit of Raed Khan Regarding Net Worth Statement, Raed Khan and/or any of the Khan Parties, as applicable, shall surrender such asset to the Receiver upon notice to counsel for the Khan Parties, Alejandro Soto via email to asoto@ffslawfirm.com, and Raed Khan and/or any of the Khan Parties will not oppose any motion or other appropriate pleading filed by the Receiver seeking the surrender and turnover of such asset.

    iv. <u>Warranties and Representations</u>. The Khan Parties hereby warrant and represent as follows: (a) the Khan Parties received $1,373,000 from the Receivership Entitles, and did not receive any other funds or items of value, directly or indirectly, from the Receivership Entities including from other insiders, investors or promoters of the Receivership Entities; (b) Raed Khan individually invested $70,000 with the MJ Defendants using funds that were not received from the Receivership Entities; (c) Raed Khan used $405,000 in funds received from the Receivership Entities to purchase the Chaos

Capital Shares; (d) the Khan Parties' current assets consist of only less than $12,000 in bank accounts and the Chaos Capital Shares, and the Khan Parties have no other assets, either held directly or indirectly by a third party; (e) the Khan Parties will receive $120,000 from family members to make the first Settlement Payment; (f) the Khan Parties have received no distributions or other payments on account of the Chaos Capital Shares, and other than Chaos Capital LLC's repurchase of the Chaos Capital Shares, the Khan Parties will not receive any distributions or other payments related to the Chaos Capital Shares and/or from Chaos Capital LLC, and after the repurchase, the Khan Parties shall have no interest in, and/or any right to receive any payments from, Chaos Capital LLC; (g) the Khan Parties have received no payments of any kind or items of value from Chaos Capital LLC, Eric Suedhoff or any other related party or affiliate (except for one payment for $2,000 provided by Chaos Capital LLC to Raed Khan on July 19, 2025 for shared personal entertainment expenses between Raed Khan and Eric Suedhoff); (h) Chaos Capital LLC operated at a loss and had negative net income during 2021 through 2024, and in 2025, generated net income of $171,000; (i) Raed Khan's gross income for 2022 was less than $19,000 as reflected in his 2022 tax return, Raed Khan's gross income for 2023 was less than $14,000 as reflected in his 2023 tax return, and Raed Khan and his spouse's combined gross income for 2024 was $135,795 as reflected in their joint 2024 tax return; (j) Raed Khan's current tax liability for 2021 exceeds $400,000; (k) the Affidavit of Raed Khan Regarding Net Worth Statement and exhibits attached thereto, Investment Repurchase Agreement dated January 13, 2026, tax returns for 2022, 2023 and 2024, bank records, tax returns, spreadsheets, and all other documents and information provided by the Khan Parties to the Receiver, are true, correct and accurate; and (l) the Khan Parties have not filed any claims with the Receiver or Settlement Administrator.

v.   <u>Mutual Releases</u>.

a.   Effective upon the Receiver's timely receipt of the Settlement Amount and all Settlement Payments from the Khan Parties under the Agreement, and the Court's entry of a final non-appealable order approving the Agreement, and provided there is no breach by the Khan Parties of the Agreement, including without limitation the warranties and representations set forth herein, the Receiver and the receivership estate hereby waive any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorney fees, actions and causes of action, either asserted or unasserted, which exist, or may exist, against the Khan Parties with respect to the Fraudulent Transfers, and the Receiver will seek to dismiss the Recovery Action, or the parties will submit a stipulation of dismissal as appropriate. This release addresses the claims of the Receiver and receivership estate only, and is limited to the Fraudulent Transfers.

    b. Effective upon the Court's entry of a final non-appealable order approving the Agreement, the Khan Parties hereby waive any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorney fees, actions and causes of action, either asserted or unasserted, which exist, or may exist, against the Receiver and the receivership estate, and their professionals, agents, representatives, attorneys, assigns and successors in interest, including, but not limited to, any distributions from the receivership or Wells Fargo Settlement Fund.

  vi. <u>Default Remedies and Enforcement</u>. In the event the Khan Parties fail to timely pay the Settlement Amount or any of the Settlement Payments, in whole or in part, or otherwise fail to comply with the terms of the Agreement, including any breach of the warranties and representations by the Khan Parties, the Receiver is entitled to the entry of a joint and several final judgment against the Khan Parties in the amount of $1,343,000 less any amount of the Settlement Amount timely paid by the Khan Parties to the Receiver under the Agreement (if any), plus post-judgment interest on the entire amount at the applicable rate upon entry of the final judgment, which will be entered in the above-referenced case, the Recovery Action, or another case initiated by the Receiver, and the Receiver shall be entitled to reasonable attorneys' fees, costs and expenses incurred in taking action to enforce the Agreement and final judgment. The Khan Parties may object to the entry of the final judgment only on the basis that the Settlement Amount payment was timely made and not accounted for by the Receiver, and otherwise agree to the entry of the final judgment upon the Receiver filing a motion for the entry of such final judgment. All other objections or opposition to the entry of the final judgment are waived.

## **LEGAL ARGUMENT**

11. "A district court reviews settlements proposed by receivers for fairness, reasonableness, and adequacy." *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, No. 18-CV-61991, 2018 WL 8050527, at *2 (S.D. Fla. Dec. 27, 2018); *see Sterling v. Stewart*, 158 F.3d 1199, 1201 (11th Cir. 1998) (approving settlement because managing receiver acted in good faith and conducted adequate investigation and settlement was fair); *Sec. & Exch. Comm'n v. Quiros*, No. 16-CV-21301, 2016 WL 9254719, at *2 (S.D. Fla. Oct. 18, 2016) (approving settlement as fair, adequate and reasonable, and well within the range of reasonableness). "Determining fairness is left to the sound discretion of the district court." *Sec. & Exch. Comm'n v. 1 Glob. Cap. LLC*, 2018

WL 8050527, at *2 (citing *Sterling*, 1158 F. 3d at 1202).

12. The Agreement is in the best interests of the receivership estate and victim investors and is well within the range of reasonableness. Under the Agreement, the Khan Parties agree to pay the Receiver a total of $200,000 over time. The estate will recover 15% of the $1,343,000 asserted in the Complaint. The recovery rate would increase to 16% if the amount of liability is reduced by the $70,000 Raed Kahn has represented he invested with the MJ Defendants using funds that were not received from the Receivership Entities.

13. The Receiver believes that the proposed settlement constitutes a fair valuation of potential liability given applicable claims, defenses, and risks, including collectability. The Receiver was able to reach an agreement that will provide for a meaningful recovery for the receivership estate, and a settlement of liability without protracted litigation, and its attended risk and expense.

## CONTINGENCY FEE REQUEST

14. The Litigation Order approved the following contingency fee arrangement for the Receiver's counsel, Kozyak Tropin & Throckmorton, LLP ("KTT"): (a) 27.5% of any gross recovery realized, generated, received or obtained on any Additional Third-Party Claim pre-suit; (b) 30% of any gross recovery realized, generated, received or obtained on any Additional Third-Party Claim after filing suit but prior to the filing of an answer; and (c) 33% of any gross recovery realized, generated, received or on an Additional Third- Party Claim after an answer is filed.

15. Through this Motion, the Receiver seeks approval to pay KTT its contingency fee of 30% of the gross recovery realized, generated, received or obtained under the Agreement with respect to the settlement payments under the Agreement.

**WHEREFORE**, the Receiver respectfully requests that the Court: (a) enter an order

granting the Motion substantially in the same form as the proposed order attached hereto as **Exhibit 2**, (b) approve the Agreement, (c) approve paying the contingency fee of 30% of the gross recovery realized, generated, received or obtained under the Agreement to KTT as recoveries are received under the Agreement, and (d) grant such other and further relief as the Court deems just and proper.

    Respectfully submitted,

**KOZYAK TROPIN & THROCKMORTON, LLP**
2525 Ponce de Leon Boulevard, 9th Floor
Coral Gables, Florida 33134
Tel: (305) 372-1800/Fax: (305) 372-3508
Email: blee@kttlaw.com

By: */s/ Bernice C. Lee*
    Bernice C. Lee
    *Court-Appointed Receiver*
    Florida Bar No. 0073535

## CERTIFICATION OF CONFERENCE WITH COUNSEL

The Receiver certifies that she has conferred with counsel for the SEC, and the SEC has no objection to the relief sought in the Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the clerk of the Court using CM/ECF, and the foregoing document has been served this 2nd day of February, 2026: (i) via CM/ECF upon all counsel of record; (ii) via electronic mail on Johanna M. Garcia (johannaredondo@yahoo.com); and (iii) via first class U.S. mail on Johanna M. Garcia, 7814 S.W. 8 Court, North Lauderdale, Florida 33068.

By: */s/ Bernice C. Lee*
    Bernice C. Lee